UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

**CASE NO.:** ED CV 13-00199 SJO (OPx)   **DATE:** July 11, 2014

**TITLE:** Chicago Male Medical Clinic, LLC v. Ultimate Management Inc., et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER TO SHOW CAUSE REGARDING DIVERSITY JURISDICTION**

Plaintiff Chicago Male Medical Clinic, LLC ("CMMC" or "Plaintiff") filed the instant case against Defendants Ultimate Management, Inc. ("UMI") and Jeffrey Fromberg ("Fromberg") (collectively, "Defendants") in Illinois state court on August 15, 2011. (Am. Notice of Removal ("Notice"), ECF No. 13, Ex. A ("Complaint"), ECF No. 13-1.) On July 13, 2012, Defendants removed the case to the Northern District of Illinois on grounds of diversity jurisdiction. (*See generally* Notice.)

A defendant may remove an action on the basis of diversity jurisdiction if (1) there is complete diversity between the adverse parties in the action; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c). A district court may raise the issue of subject matter jurisdiction *sua sponte* any time during the pendency of an action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Defendants are both citizens of California. (Notice ¶ 5.) For diversity purposes, a limited liability company has the citizenship of all its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *IP of A W. 86th St. 1, LLC v. Morgan Stanley Mortgage Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012). An individual is presumed to be a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In their Notice, Defendants state that:

> [W]hen Plaintiff first filed its original Complaint, Defendants believed that there were five (5) members of CMMC. Namely, Defendants believed that Fred Martori, a citizen of San Diego, California, was a member of CMMC, thus destroying the necessary diversity of parties for federal jurisdiction. Defendants' understanding of the status of Mr. Martori as a member was confirmed on February 17, 2012, when Plaintiff stated in its Responses to Defendants' First Set of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>ED CV 13-00199 SJO (OPx)</u>　　　DATE: <u>July 11, 2014</u>

       Interrogatories . . . that Mr. Martori was (i) a member of CMMC and
       (ii) a resident of San Diego, California.

(Notice ¶ 8.) Defendants attached Plaintiff's Responses to their First Set of Interrogatories, which identified five members of CMMC, including Fred Martori. (Notice, Ex. D, at 5.) These Responses, which were given on February 17, 2012, list Mr. Martori as residing in San Diego, California. (Notice, Ex. D, at 5.) The remaining four members of CMMC reside in Arizona and Illinois. (Notice, Ex. D, at 5.) This evidence suggests that when the Complaint was first filed, Plaintiff was a citizen of Arizona, Illinois, and California, making it non-diverse from Defendants and thereby preventing removal.

However, as described in the Notice, when Defendants deposed Todd Wheatcraft, CMMC's manager on June 13, 2012, Mr. Wheatcraft "stated that Mr. Martori was no longer a member of CMMC." (Notice ¶ 8; *see also* Notice, Ex. E, at 3.) The exact circumstances of Mr. Martori's membership and departure from CMMC are unclear, as Mr. Wheatcraft stated that he "really [didn't] know" when Mr. Martori gave up his share in CMMC. (Notice, Ex. E, at 3.) Furthermore, Mr. Wheatcraft's testimony leaves open the possibility that Mr. Martori was never a member of CMMC, as Mr. Martori may have "opted not to get 5 percent" ownership of CMMC. (Notice, Ex. E, at 3.)

Based on the evidence presented, the Court agrees that Defendants have shown that CMMC was no longer a citizen of California when the Notice of Removal was filed. However, there is conflicting evidence as to the nature of Mr. Martori's involvement with CMMC when the Complaint was first filed in state court. To properly remove a case to federal court, both the Seventh Circuit and the Ninth Circuit require the existence of diversity jurisdiction when the original complaint is filed and when the notice of removal is filed. *See Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) ("[D]iversity must exist both when the suit is filed—as the statute itself makes clear, *see* 28 U.S.C. § 1441(a)—and when it is removed." (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986))); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected." (citations omitted)). Thus, Defendants have not shown that removal was proper, as they have not shown that the parties were diverse on August 15, 2011, when the original complaint was filed.

Based on the foregoing, Defendants are hereby ordered to show cause in writing on or before **July 21, 2014**, why jurisdiction in federal courts on diversity grounds are proper in this case. Plaintiff may file a reply to Defendants' brief on or before July 28, 2014. These briefings shall not exceed ten (10) pages.

IT IS SO ORDERED.