CARMEN D. CARUSO LAW FIRM
Carmen D. Caruso
Illinois State Bar No. is 6189462
(Admitted *pro hac vice)*
*cdc@cdcaruso.com*
77 West Washington, Suite 1900
Chicago, Ill. 60602
Tel. (312) 626-1160; fax (312) 276-8646

Additional Counsel listed on the following page . . .

Attorney for Plaintiff and Counterdefendant Chicago Male Medical Clinic,

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CHICAGO MALE MEDICAL CLINIC, LLC.,

Plaintiff,

vs.

ULTIMATE MANAGEMENT, INC. and JEFFREY FROMBERG.

Defendants.

ULTIMATE MANAGEMENT, INC.

Counterclaimant,

vs.

CHICAGO MALE MEDICAL CLINIC, LLC.

Counterdefendant.

Case No. 5:13-cv-00199-SJO-OP

Hon. S. James Otero
United States District Judge

**NOTICE OF MOTION AND PLAINTIFF'S POST-TRIAL MOTION FOR ATTORNEY'S FEES**

GRAHAM & MARTIN, LLP
Anthony G. Graham
California State Bar No.148682
*anthonyggraham@msn.com*
Michael J. Martin
California State Bar No. 171757
*michaeljpmartin@msn.com*
3130 South Harbor Blvd., Suite 250
Santa Ana, California 92704
(714) 850-9390; fax (714) 850-9392

Attorneys for Plaintiff and Counterdefendant,
Chicago Male Medical Clinic

2

**NOTICE OF MOTION AND PLAINTIFF'S POST-TRIAL MOTION FOR ATTORNEY'S FEES**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 9, 2015, at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable S. James Otero of the above-entitled court, located in Courtroom No. 1 – 2nd Floor, 312 North Spring Street, Los Angeles, CA 90012, Plaintiffs will and hereby do move the Court for an Order Granting an Award of Attorney's Fees and Costs.

REPRESENTATION OF COMPLIANCE WITH LOCAL RULE:

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place more than seven days prior to the filing of this motion.

3

NOTICE OF MOTION AND PLAINTIFF'S POST-TRIAL MOTION FOR ATTORNEY'S FEES

**PLAINTIFF'S POST-TRIAL MOTION FOR ATTORNEY'S FEES**

NOW COMES Plaintiff, Chicago Male Medical Clinic, LLC, and hereby moves for the granting of attorney's fees in the sum of **$290,405.50**, pursuant to this Court's Findings of Fact and Conclusions of Law.[1] In support thereof, Plaintiff states as follows:

1. In support of this motion, Plaintiff's counsel has submitted his own Affidavit (Exhibit 1) as to the reasonableness of his fees, along with his engagement letter in this matter (Exhibit 1A) and an invoice detailing the time billed (Exhibit 1B). Plaintiff's counsel has also submitted the supporting Affidavit of Todd Wheatcraft, accompanied by the invoices from local counsel initially retained by Plaintiff in this matter. Additional documentation can be provided at the request of the Court.

2. On December 16, 2014, this Court held that Defendants, Ultimate Management, Inc., and Jeffrey Fromberg, failed to provide Plaintiff with a disclosure document as defined in the Illinois

[1] Doc. no. 163.

Franchise Disclosure Act, and thus violated 815 Ill. Comp. Stat. 705/5.[2]

3. 815 Ill. Comp. Stat 705/26 provides that a franchisee may bring a private civil action against a franchisor for rescission under 815 Ill. Comp. Stat 705/5, and, further, that "Every franchisee in whose favor judgment is entered in an action brought under this Section shall be entitled to the costs of the action including, without limitation, reasonable attorney's fees." 815 Ill. Comp. Stat. 705/26. Plaintiff therefore, is entitled to reasonable attorney's fees under this statute. *See To-Am Equip. Co. v. Mitsubishi Caterpillar Forklift Am.*, 953 F. Supp. 987, 997 (N.D. Ill. 1997).

4. Accordingly, this Court awarded Plaintiff "reasonable costs and attorney's fees to be determined in a post-trial motion, as provided by statute."[3]

5. In diversity cases, determining the proper award of attorney's fees is governed by state law, as opposed to federal law. *See, e.g.*, *Lagstein v. Certain Underwriters at Lloyd's of London*, 725

---

[2] *See id.* at ECF 11.
[3] *Id.* at ECF 12.

F.3d 1050, 1056 (9th Cir. 2013) ("State law governs whether a party is entitled to attorney's fees in diversity cases such as this one."); *see also Northern Heel Corp. v. Compo Indus.*, 851 F.2d 456, 475 (1st Cir. 1988); *Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981). Accordingly, Illinois law controls in this matter.

6. In determining the proper attorney's fees award under 815 Ill. Comp. Stat 705/26, the Court must consider "the market rate for legal services, and that means the price the lawyer actually charges, or at which the client could hire equivalent legal services in the market." *To-Am Equip. Co.*, 953 F. Supp. at 998 (using the firm's regular hourly rate, multiplied by the number of hours worked, as the "lodestar" from which to proceed); *see also Chaudhry v. City of Los Angeles*, 2014 U.S. App. LEXIS 9208, at *35 (9th Cir. May 19, 2014) ("Fee applicants have the burden of producing evidence that their requested fees are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008))). The starting point for determining a reasonable attorney's fee is the number of hours spent on litigation

multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Camacho*, 523 F.3d at 978. The lodestar figure is presumptively considered reasonable. *Camacho*, 523 F.3d at 978; *see also Quesada v. Thompson*, 850 F.2d 537, 539 (9th Cir. 1988) ("The Supreme Court has repeatedly emphasized that the lodestar fee should be presumed reasonable unless some exceptional circumstance justifies deviation.").

7. The Ninth Circuit has held that a reasonable hourly rate is based on the prevailing rate in the community constituting "the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (citing *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991)). Rates outside the forum may be used only if local counsel was "unavailable." *See id.* (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)). In this case, while Plaintiff's counsel would be entirely justified in requesting legal fees equivalent to the standard hourly rate in the community in which the District Court sits – *i.e.*, Los Angeles, Plaintiff's counsel is instead requesting fees at a rate which, while reasonable for the Chicago

community where he practices, is much lower than the average rate he could command in Los Angeles.

8. "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Even so, there is no local rule in the Central District of California requiring such affidavits.

9. A court may consider a contingent-fee arrangement when determining the amount of properly awarded attorney's fees. *To-Am Equip. Co.*, 953 F. Supp. at 997; *see also Blankenship v. Dialist Int'l Corp*, 209 Ill. App. 3d 920, 927 (Ill. App. Ct. 1991) (awarding a contingency fee amount as reasonable attorney's fees). A contingent fee arrangement is simply one factor for the Court to consider when awarding fees; a contingent fee agreement, alone, is insufficient as a basis to deny attorney's fees. *Hamner v. Rios,* 769 F.2d 1404, 1407 (9th Cir. 1985) (quoting *Buxton v. Patel*, 595 F.2d 1182, 1185 n.3 (9th

Cir. 1979)). Other factors set forth by the Ninth Circuit to be considered include:

> [T]he time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 1407 (quoting *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975)). Factors to be considered when awarding fees under Illinois law are similar, and include: the skill of the attorney, the nature of the cause of action; the difficulty and novelty of the issues, the importance of the subject matter, the degree of responsibility involved in maintaining and managing the case; the time, effort, and labor required, the customary charge in the relevant legal community; and the benefits inuring to the client. *See Blankenship*, 209 Ill. App. 3d at 927.

10. In calculating the total number of compensable hours, an attorney may include time spent on travel related to the case. *See*

*Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984) ("[L]awyers invariably charge their clients for travel time, and usually at the same rate they charge for other time . . . . And if they charge their paying clients for travel time they are entitled to charge the defendants for that time in a case such as this where the plaintiffs have shown a statutory right to reasonable attorneys' fees.").

11. In the present matter, Plaintiff's attorneys and paralegals have expended a total of 779.40 hours since June, 2011. Plaintiff's hourly rates were as follows: for Carmen D. Caruso, lead attorney on this matter with more than 30 years of franchise law experience, $440/hour (at 2011 rates); for associate attorneys, $260/hour (at 2011 rates); for paralegals, $160/hour (at 2011 rates). In addition, local counsel Hamburg, Karic, Edwards & Martin, LLP added 42.5 hours on the case from May, 2013 to August, 2014, at a rate of $500/hour. In apportioning the hours expended on this matter to the appropriate parties, and multiplying each number of hours by their respective hourly billing rates, Plaintiff's attorneys and paralegals have incurred a total of **<u>$290,405.50</u>** in regular hourly billing.

12. There is no reason for the court to disturb this "presumptively reasonable" lodestar amount, *Quesada*, 850 F.2d at 539; *Camacho*, 523 F.3d at 978, as no "extraordinary circumstances" are present that would justify such a deviation. As additional support for the affirmation of this lodestar amount, Plaintiff's counsel further states as follows:

    a. This case involved novel and complex issues of franchise law; including the determination of whether a franchise relationship existed despite the absence of a formal Franchise Disclosure Document, where much of the evidence of the relationship between the parties occurred in an online forum;

    b. Plaintiff's lead counsel, Carmen D. Caruso, used his 30 years of franchise law expertise, for which he has been repeatedly recognized by the American Bar Association, the Illinois Attorney General, and many influential industry trade groups, to successfully craft the winning arguments in this matter;

    c. Because this matter was transferred to the Central District of California from Illinois, Plaintiff's counsel, who is based in Chicago, was required to travel across the country on numerous occasions, including the trial itself, which greatly impeded counsel's new client development in Chicago – a vital aspect of Plaintiff's counsel's continued professional viability, as the principal in a small firm with fewer than six attorneys throughout the pendency of this matter. Although the transfer of this case created great personal and professional inconvenience to counsel, counsel retained this matter because he believed that his vast expertise in Illinois franchise law would be of vital importance in order to allow Plaintiff to prevail in his valid, but complex, legal claims.

    d. Plaintiff's counsel charged his customary fee as of 2011 in this case. Though Plaintiff's counsel raised his rates in 2012, in order to remain financially viable, yet still competitive, in the Chicago legal market, counsel continued

to charge his lower 2011 rates in this matter, even through 2014.

e. Although Plaintiff's counsel was proceeding under a partially contingent fee structure, counsel's agreement with Plaintiff was that he would be paid the greater of

   i. *20% of the total recovery, whether by settlement or judgment, and including 20% of any award of attorneys' fees that we recover; or*

   ii. *the total amount of any award of attorneys' fees that we recover.*

f. Thus, awarding Plaintiff's counsel attorney's fees in this matter will *not* subject counsel to double recovery, or any other sort of windfall. On the contrary, accepting counsel's lodestar amount as reasonable will allow Plaintiff to recover the full damages amount that was awarded, while also compensating counsel for his time and professional expertise.

    g. This litigation has been pending for more than three years, and counsel has represented Plaintiff for the entirety of that time.  The delays in litigation were due primarily to Defendants' vigorous procedural and affirmative defenses in this matter, as well as Defendants' rejection of Plaintiff's settlement offers and demands for rescission.  Plaintiff's counsel did all it could to expedite this matter, including taking only a single deposition.

    h. Because of the novel nature of the specific legal issues raised by this case, Plaintiff knows of no similar cases with which to compare fee awards.  Nevertheless, Plaintiff's counsel relies on his own declaration, based on his 30 years of professional experience, as well as the Court's own professional judgment, in arguing with confidence that his hourly rates and time expended on this matter is more than reasonable.

13. Moreover, while Plaintiff did not prevail on its fraud claim, that claim was brought in the alternative, as the relief requested

(rescission) was identical to the relief awarded. Thus, no reduction of Plaintiff's counsel's compensatory fee is justified. *See, e.g.*, *Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee."); *To-Am Equip. Co.*, 953 F. Supp. at 999 ("[U]nder the federal approach to [815 Ill. Comp. Stat 705/26], . . . the pursuit of multiple legal theories in support of a single claim for relief does not imply a need to win on each legal theory in order to collect a fully compensatory fee.") (alterations and ellipsis supplied) (citing *Hensley*, 461 U.S. 424; *Lenard v. Argento*, 808 F.2d 1242 (7th Cir. 1987)).

Respectfully Submitted this 30th Day of January, 2015, by:

/s/ Carmen D. Caruso
Carmen D. Caruso

Carmen D. Caruso – cdc@cdcaruso.com
CARMEN D. CARUSO LAW FIRM
77 West Washington Street
Suite 1900
Chicago, Illinois 60602
(312) 626-1160
(312) 276-8646 (Fax)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 30th day of January, 2015, a true and correct copy of the foregoing NOTICE OF MOTION AND PLAINTIFF'S POST-TRIAL MOTION FOR ATTORNEY'S FEES was served on counsel of record by filing the same electronically with the United States District Court for the Central District of California, Western Division.

By: /s/ Carmen D. Caruso
Carmen D. Caruso