UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | _____ |
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:** EDCV 13-00199 SJO (OPx)        **DATE:** March 2, 2015

**TITLE:** Chicago Male Medical Clinic, LLC v. Ultimate Management, Inc. et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                        Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                             Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S POST-TRIAL MOTION FOR ATTORNEY'S FEES** [Docket No. 170]

This matter comes before the Court on Plaintiff Chicago Male Medical Clinic, LLC's ("Plaintiff") Post-Trial Motion for Attorney's Fees ("Motion"), filed January 30, 2015. Defendants Ultimate Management Inc. ("UMI") and Jeffrey Fromberg ("Fromberg") (collectively, "Defendants") filed an Opposition on February 13, 2015, to which Plaintiff replied on February 18, 2015. The Court finds this matter suitable for disposition without oral argument and vacates the hearing set for March 9, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.    PROCEDURAL HISTORY

This action was originally filed in the Circuit Court of Cook County, Illinois, on August 15, 2011. On July 13, 2012, Defendants Ultimate Management Inc. ("UMI") and Jeffrey Fromberg ("Fromberg") (collectively, "Defendants") filed a Notice of Removal in U.S. District Court for the Northern District of Illinois. On August 7, 2012, Defendants filed an Amended Notice of Removal. Subsequently, Defendants filed a Motion to Dismiss, Plaintiff Chicago Male Medical Clinic, LLC ("CMMC" or "Plaintiff") filed a Motion for Summary Judgment, and Defendants filed a Motion to Transfer the case to the Central District of California. On December 28, 2012, Judge Leinenweber of the Northern District of Illinois issued an order granting in part Defendants' Motion to Dismiss, denying Plaintiff's Motion for Summary Judgment, and transferring the case to the Central District of California. On January 31, 2013, Plaintiff filed its Second Amended Complaint. A court trial was held from November 19, 2014, to November 21, 2014, with closing arguments held on December 5, 2014. The Court issued its Findings of Fact and Conclusions of Law on December 16, 2015, ordering costs and attorney's fees to be addressed in a post-trial motion.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: **EDCV 13-00199 SJO (OPx)**    DATE: **March 2, 2015**

II.  DISCUSSION

"Every franchisee in whose favor judgment is entered in an action brought under this Section shall be entitled to the costs of the action including, without limitation, reasonable attorney's fees." 815 Ill. Comp. Stat. 705/26. The Court found that Plaintiff established, by the preponderance of the evidence, that Defendants violated Section 5 of the Illinois Franchise Disclosure Act. (Findings of Fact and Conclusions of Law 16, ECF No. 163.) Accordingly, the Court awarded Plaintiff attorney's fees to be determined in a post-trial motion. The Court's task here, then, is to determine a reasonable award of attorney's fees.

   A.  Calculating Attorneys' Fees

The district court uses the lodestar method to determine the appropriate amount of attorneys' fees. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The court calculates the lodestar figure by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate for the region and for the experience of the attorney. *City of Riverside v. Rivera*, 477 U.S. 561, 568-69 (1986); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Intel Corp.*, 6 F.3d at 622.

Plaintiff seeks $290,405.50 in attorneys' fees. In support of this figure, Plaintiff's declaration lists the hourly billing rate and number of hours worked by each lawyer and paralegal, totaling $268,574.00. (*See* Mot. Ex. 1B at 25.) Plaintiff also states that local counsel Hamburg, Karic, Edwards & Martin, LLP worked approximately 42.5 hours on the case at the rate of $500/hour, for a total of $21,831.50. (*See* Mot. 10, Exs. 2, 2A.) These two numbers total the $290,405.50 sought by Plaintiff. Defendant argues that Plaintiff's lodestar analysis should be reduced for several reasons.

   1.  Hourly Billing Rate

While Defendants do not dispute Plaintiff's calculation of hours, Defendants do challenge the rates for Plaintiff's counsel. A reasonable hourly rate is based on the market rates of the region and the experience of the lawyer. *See Rivera*, 477 U.S. at 568-69; *McCown*, 565 F.3d at 1102. Defendants contest the hourly billing rates both of local counsel Steven Karic and of lead counsel Carmen Caruso and his associates. (Opp'n 3-4.)

First, Defendants challenge Mr. Karic's rates on the grounds that no evidence was provided to justify his rates of $400 per hour. (Opp'n 3.) The Court finds that a rate of $400 per hour is reasonable for local counsel in federal court in this District for an attorney admitted in 1985. Accordingly, the Court declines to reduce Mr. Karic's rates.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>EDCV 13-00199 SJO (OPx)</u>     DATE: <u>March 2, 2015</u>

Second, Defendants argue that the rates for Mr. Caruso and his associates are inadequately supported. Defendants question Mr. Caruso's purported expertise in Illinois franchise law, citing a summary judgment opinion directing Plaintiff to "familiarize itself with the relevant Illinois law." (Opp'n 4.) The Court, however, believes that Mr. Caruso has done a fine job arguing Illinois franchise law in this matter. Mr. Caruso has provided a declaration that these are the customary rates charged by his firm and that they are reasonable in the Chicago legal community. Neither Mr. Caruso's rate of $460 per hour nor the rates of his associates seem unreasonable to this Court. Accordingly, the Court declines to reduce the rates for Mr. Caruso's firm and finds that Plaintiff's proposed hourly billing rates are appropriate for calculating the lodestar figure.

2.  <u>Anthony Graham's Flat Fee</u>

Defendants argue that local counsel Anthony Graham's flat fee of $5,000 is unreasonable and not broken out by hours. (Opp'n 2-3.) Plaintiff's analysis, however, does not appear to include this $5,000 flat fee, but only includes amounts paid to Carmen Caruso and to Hamburg, Karic, Edwards & Martin, LLP. The Court cannot remove Mr. Graham's fee from a calculation that does not include his fee in the first place.

3.  <u>Degree of Success</u>

Defendants finally argue that Plaintiff's failure on its fraud claim and the low award recovered by Plaintiff merit a reduction in the fees awarded to Plaintiff. The Court may consider "the results obtained" in determining whether to enhance or reduce a lodestar figure. *Morales v. San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) Specifically, Defendant argues that the fraud claims were used as a settlement hammer and do not materially overlap with the IFDA claims. (Opp'n 5-6.) In fact, however, both claims were intertwined with the factual circumstances under which the Chicago Male Medical Clinic had been set up, and both claims were related to the factual defenses asserted by Defendants. Plaintiff claimed the same damages for both the fraud and IFDA claims. The Court finds no reason to believe that the costs incurred here were primarily as a result of the unsuccessful fraud claim.

Defendants also claim that Plaintiff's success was limited because the judgment received was roughly 40% of the damages amount put forth by Plaintiff's expert. (Opp'n 7.) Plaintiff responds that the amount recovered was consistent with the expectations set forth in the engagement letter. (*See* Reply 3; Mot. Ex. 1A at 2.) The Court does not find that the award to Plaintiff was unreasonably low.

In summary, the Court finds that Plaintiff's counsel was successful in pursuing litigation on Plaintiff's behalf. The Court declines to reduce Plaintiff's attorney's fees based on degree of success.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.: EDCV 13-00199 SJO (OPx)**          **DATE: March 2, 2015**

    4.      Settlement Offers

Additionally, Defendants ask the Court to consider settlement offers in its award of attorney's fees. (Opp'n 9.)  In the Ninth Circuit, there are twelve factors the Court may consider in deciding whether to enhance or reduce the lodestar figure:  (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Morales*, 96 F.3d at 363 n. 8 (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).  None of these factors include settlement offers.

Even following the Third Circuit case law Defendants cite in support of this, *see Lohman v. Duryea Borough*, 574 F.3d 163 (3rd Cir. 2009), the facts here do not support an adjustment.  Defendants' best settlement offer was $135,000, not even close to the $356,251.92 Plaintiff eventually recovered at trial, and Plaintiff gave a settlement offer of $210,000.  (Opp'n 10.)  The Court declines to depart from its lodestar analysis based on settlement offers.

III.    RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Post-Trial Motion for Attorneys' Fees. The Court grants Plaintiff $290,405.50 in attorneys' fees.  Defendants are jointly and severally liable for these fees.

IT IS SO ORDERED.